# CHARLESTON.

PORTLAND CEMENT COMPANY *v.* WHITMORE LUMBER COMPANY

(No. 6506)

Submitted November 12, 1929. Decided November 12, 1929.

*George M. Beltzhoover, Jr.*, for plaintiff in error.

*Forest A. Brown* and *Geo. P. Shirley*, for defendant in error.

WOODS, PRESIDENT:

This action is for the recovery of the purchase price of one car of cement claimed to have been furnished to the defendant upon its written order, which is relied on as a contract of the defendant. The order was dated June 29, 1927, and directed plaintiff to ship defendant company 346 barrels (2 carloads), in cotton, including bags, at $2.76 per barrel, and charge to defendant; same subject to approved credit, 10 cents per barrel discount for cash in fifteen days from date of invoice or thirty days net; first car to be shipped at once, and the second when advised. The order blank (provided by plaintiff company) stated thereon that "Orders are not binding on this company unless accepted by the general office." The case was tried before the judge of the circuit court of Jefferson county, sitting in lieu of a jury, who entered judgment for defendant. The plaintiff prosecutes this writ to that judgment.

The vice-president and general manager of the defendant company (the only witness in the case) was called by the plaintiff. He testified that he signed the order; that the first car came forward promptly; and that the second was received pursuant to a letter of July 21, 1927, requesting shipment of same. On cross-examination the court permitted the defendant's attorney to interrogate the witness in regard to certain oral negotiations which witness claimed he had with the agent of the plaintiff company. This was objected to on the ground that it tended to vary the terms of the written contract, but the court overruled the objection and permitted

the witness to explain that the agent came to him and stated that he had virtually sold two cars of cement to one Kaylor, but on account of association rules plaintiff company could not deal direct with him; that the agent agreed that the sale to Kaylor would be on such terms as would allow defendant 20 cents per barrel for unloading, hauling, storing and reloading cement into Kaylor's trucks, and collecting money for same; defendant to make remittance to plaintiff company after payment by Kaylor; that he signed the order on behalf of defendant company for the agent's benefit, and never intended to bind the company on the contract; that under the circumstances that the company was to be nothing more than a bailee for the plaintiff company. Kaylor removed the first car of cement promptly, and likewise paid defendant who in turn paid plaintiff company. On request of agent, defendant wrote on July 21st to plaintiff company as follows: "Kindly place our order for 173 barrels of cement in cotton—same to complete order No. 203—for H. W. Kaylor—road work". Kaylor removed a portion of the second car of cement, and the balance remained in defendant's store room until sometime in November when the same was destroyed by fire. Several bills were rendered defendant for the cement.

The sole question raised is whether or not the trial court should have permitted the defendant to introduce the evidence complained of. This Court has held consistently that where a written contract upon its face is couched in such terms as to import a legal obligation without any uncertainty as to the object or extent of the engagement, it is conclusively presumed that the whole engagement of the parties and the extent of the undertaking were reduced to writing. In such case parol evidence will not be admitted to vary its terms. *Jones* v. *Kessler,* 98 W. Va. 1.

While the defendant recognizes the above rule, as well as the fact that where there is a written order for shipment of goods, which was either formally accepted in writing or by the shipment of the property ordered, that the order constitutes a complete contract which cannot be added to by parol, yet he insists that under the circumstances of the instant case

the order was only a step in the carrying out of the oral contract with the agent, and not intended as a contract but as a mere shipping direction. In support of this contention that the written order does not merge the previous oral agreements he cites foot-note 32a (1), 22 C. J. 1251. We have examined the cases cited in that note and find that they accord with the principle stated in the body of the text to the effect that the only criterion of the completeness of a writing as a full expression of the agreement of the parties is the writing itself. All of the cases just referred to involve questions of warranty, such as, where the goods in fact shipped were different in character from those ordered. *West End Mfg. Co.* v. *Warren Co.*, 198 Mass. 320.

The defendant company had notice from the order blank itself that the agent did not have authority to contract, but only to accept orders. But, even had he had such authority, (the fact that the defendant has signed the written order) the law presumes that all preliminary negotiations were included and merged in the writing, if it purports to contain all of the contract, and parol evidence cannot be introduced to vary its terms. The order in the present case was clear on its face and contained no notation suggesting any other understanding than that contained therein.

The judgment of the circuit court must be reversed and the case remanded.

*Reversed and remanded.*